WILLIAM C. W. CHANDLER, *a Minor, etc., Appellee, v.* JUSTIN D. BOWERSOCK *et al., as Partners, etc., Appellants.*

No. 16,310.

1. MASTER AND SERVANT—*Appliances* —*"Reasonably" Safe—"Dangerous"—Instructions.* An instruction relating to a master's duty to furnish reasonably safe appliances to a servant was not prejudicial although it referred to a machine that injured the plaintiff as "dangerous," it appearing that the machine was in a sense inherently dangerous.

2. ———— *Injury to Employee—Allegations and Proof of Negligence.* In an action by an employee to recover for injuries caused by a defective and dangerous machine the petition was sufficient to authorize the admission of testimony that for a long time prior to the accident the machine had frequently started itself into operation; and, there being so much positive testimony to this effect, the admission of the testimony of an expert that the machine was defective and dangerous as a type was not prejudical.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed January 8, 1910. Affirmed.

*Ord Clingman,* and *Harkless & Histed,* for the appellants.

*George L. Davis,* and *John Q. A. Norton,* for the appellee.

*Per Curiam:* Some of the instructions are open to the criticism that the word "dangerous," used in reference to the machine at which the injury occurred, is ambiguous, and that the court overlooked the fact that

in a sense the machine was inherently dangerous. The master's duty to furnish reasonably safe tools and appliances does not forbid him from placing a servant at work upon a machine dangerous in that sense; but the word "reasonably," which is always employed in stating the general rule, and which is used in the instructions, means reasonably safe under all the circumstances. The jury could not have failed so to understand the term.

The objections to evidence and most of the objections to the instructions are embraced in the main contention of the appellant, which is that the petition only alleges negligence in placing the young man at work upon a machine which was defective and dangerous by reason of being out of repair, and that over the appellants' objections evidence was admitted to show that the machine was dangerous and defective as a type. The petition is very indefinite in stating what was defective in the machine; but it alleges as an excuse, and the proof showed, that immediately after the accident the father of the injured boy was refused permission to examine the machine for the purpose of discovering what defects there were. It is alleged that while the boy who was injured had his hands under the knife, as he was required to do, no person touched or moved the lever or threw the machinery into gear, but that the knife, "by reason of the unsafe and defective machinery operating" the same, "fell or dropped down upon and cut off his left hand at the wrist." In other parts of the petition it is stated that the machinery was then defective and had been for a long time prior thereto. One witness, who qualified as an expert on machinery, testified that the lever was liable to fall and throw the machine into motion, and, on cross-examination, said that in his opinion the lever was unsafe, whether the machine was old or new. We think the averments of the petition were sufficient to admit the testimony; but if they were not the admission of the expert's opinion was not prejudicial error, because

there was positive evidence that the machine had been in the habit for years of suddenly starting into operation without the lever being moved by anyone. Two or three young men who had been employed at the machine testified that in order to prevent the machine from starting itself they had been obliged to rig up an appliance with weights and strings to hold the lever in position. There was so much testimony of this character also that the court properly refused to give an instruction that the mere happening of the accident was not of itself evidence of the appellants' negligence. The jury, in answer to special questions, found that the machine was defective because no means were provided for holding the lever in position while out of gear and it was liable therefore to fall into gear without anyone touching it, and also that one of the keys was loose. While no witness testified that the loose key referred to would have caused the accident, the other find'ng is abundantly supported.

We are unable to discover any prejudicial error in the record, and the judgment is affirmed.